Ramsey v. City of Oxford.

---

No. 27,964.

G. L. RAMSEY et al., *Appellants,* v. THE CITY OF OXFORD et al., *Appellees.*

(261 Pac. 572.)

SYLLABUS BY THE COURT.

INJUNCTIONS—*Abuse of Discretion—Evidence.* The evidence in support of an application for temporary injunction considered, and *held,* abuse of discretion in refusing to grant the injunction does not appear.

Appeal from Sumner district court; LAFAYETTE H. FINNEY, judge. Opinion filed December 10, 1927. Affirmed.

*John J. Jones,* of Chanute, *B. R. Leydig* and *K. M. Geddes,* both of El Dorado, for the appellants.

*A. L. Noble, W. A. Ayres, C. A. McCorkle* and *J. D. Fair,* all of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin enforcement by criminal prosecution of an ordinance of the city of Oxford, a city of the third class, enacted pursuant to the power conferred by statute to grant permits to mine oil or gas within the city limits under such restrictions as shall protect public and private property (R. S. 12-106), and to enact ordinances for the maintenance of the peace, good order, and general welfare of the city (Laws 1925, ch. 123). The district court refused to grant a temporary injunction, and plaintiffs appeal.

The application for temporary injunction was submitted on the

---

Injunctions, 32 C. J. pp. 29 n. 13, 352 n. 85 n. 91.

verified petition. The petition alleged that the city is divided into lots and blocks of various dimensions, but generally of small length and breadth and containing only a very small amount of land. Plaintiffs are the owners of a rectangular tract of land 20 by 70 feet, lying within the city, and are engaged in the business of exploring for and producing and selling oil and gas. Underlying the city and the territory immediately surrounding it is a vast underground deposit of oil and gas, from which various producers were extracting oil and gas, and a permit had been issued to drill for oil and gas in the block in which plaintiffs' land was situated. Plaintiffs were drilling for oil and gas on their tract, when their operations were suspended by threat of proceedings to enforce the ordinance by prosecution and successive prosecutions. They had already expended $15,000 in their effort to avail themselves of the mineral deposits underlying their land, and unless they were allowed to proceed their land would be drained of its oil by other producers, to their loss in a sum unknown but exceeding $100,000. Some of the persons operating in the city had not secured permits and, the city had not passed any zoning ordinance. A copy of the ordinance was attached to the petition. The ordinance provided for but one permit to a block, and for a bond to be given by the permit holder securing payment to lot owners of a royalty for oil and gas extracted.

The foregoing are all the facts stated in the petition bearing on the question whether a temporary injunction should issue. The remainder of the petition was devoted to interpretations of the ordinance: That plaintiffs could not secure a permit under it; that its provisions were arbitrary and unreasonable; that the ordinance was not the result of a proper exercise of the police power; and that it violated rights protected by provisions of the constitution of the United States.

The petition is to be considered not as a pleading, but as an affidavit. The order of the court was simply that the application should be denied. Plaintiffs argue that various provisions of the ordinance are invalid and that the ordinance as a whole is invalid; but this court is not able to say the district court decided any of those questions adversely to plaintiffs. The petition did not squarely allege that any well was actually in operation which was in fact draining oil from plaintiffs' land, or would begin to do so at a future date ap-

Ramsey v. City of Oxford.

proximately fixed.  Just what loss plaintiffs might suffer from a temporary suspension of drilling operations to prevent arrest under the ordinance did not appear.  To what extent the public interest might suffer if operation of the drilling permit system established by the ordinance were stopped by temporary injunction did not appear.  Further showing of facts was necessary to qualify plaintiffs to raise some of the constitutional questions presented by the petition.  For example, the petition did not reveal when plaintiffs bought their lot.  They said they had owned it "a long time," which gave the court no information respecting date of acquisition.  If they purchased after the permit for their block was regularly issued, they cannot urge that the ordinance is invalid because they could not have qualified for a permit.  Validity or invalidity of other provisions of the ordinance depended on their application to facts not disclosed by the petition.  Very likely the court concluded it would be wise to postpone its decision of the very important constitutional questions raised until the case could be heard on the merits.  If so, injury to plaintiffs so grave and so manifest as to make the postponement an arbitrary exercise of the court's discretion is not disclosed.  District courts have a large discretion to grant or refuse temporary injunctions, and an exercise of such discretion will not be interfered with unless the power has been abused.

The judgment of the district court is affirmed.